UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-80083-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FREDDIE ALLEN,

    Defendant.
_____:

### UNOPPOSED MOTION FOR COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. § 4241

The undersigned Assistant Federal Public Defender, as counsel for Defendant, Freddie Allen, and pursuant to 18 U.S.C. § 4241(a) and (b), requests the Court to order an evaluation and conduct a hearing to determine the mental competency of Mr. Allen. Such an evaluation and hearing should determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and properly assist counsel in the preparation the instant case. As grounds for this request, the undersigned states:

    1.    Mr. Allen is charged with being a felon in possession of a firearm by Indictment at DE 9.

    2.    Mr. Allen has an extensive history of mental illness, including a related disability diagnosis from the social security administration office, a prior state court

finding of incompetency, and prior civil commitments related to his mental health disorders. According to family and court records, Mr. Allen has previously been diagnosed with schizoaffective disorder, bipolar disorder, depression, and other disorders.

3. When this case was first assigned to undersigned counsel and Mr. Allen was incarcerated at the Palm Beach County Jail, undersigned counsel had concerns regarding Mr. Allen's mental status. *See* DE 15. The U.S. Marshal service assisted undersigned counsel in ensuring Mr. Allen was properly medicated, and eventually Mr. Allen was prescribed and received daily Seroquel for his conditions. Although Mr. Allen's mental illness continued to be evident to counsel, his demeanor and cognitive abilities appeared to greatly improve.

4. However, about one month ago, Mr. Allen was transferred to the St. Lucie County Jail. During this time, it appears that Mr. Allen either has not been prescribed medication or he has as refused medication. Counsel spoke to Mr. Allen a few weeks ago and it was clear that he had decompensated. During that call, Mr. Allen appeared to suffer from an episode of his bipolar disorder. It was unclear to counsel whether he remained competent at that time, and defense counsel shared her concerns with the government. Importantly, undersigned counsel, again, reached out to the U.S. Marshals for their assistance in determining whether Mr. Allen receiving proper mental health treatment, and if so, what type of medication. Today, October 7, 2022, undersigned counsel was able to speak with a mental health representative

2

at the jail who confirmed that their facility 1) does not offer inmates Seroquel and 2) that Mr. Allen is not taking any mental health medication. Thus, it appears that Mr. Allen has not taken mental health medication for about a month.

5.     Since the troubling meeting with Mr. Allen a few weeks ago, undersigned counsel has scheduled two additional visits with Mr. Allen, but according to local jail officials, Mr. Allen refused each legal visit. This last attempt to meet with Mr. Allen was today, October 7, 2022 by video. If Mr. Allen's refusal to meet with counsel is true, such behavior is atypical for Mr. Allen and a worrying sign regarding the decompensation of his mental condition. Further, Mr. Allen cannot "rationally consult" with his attorney if his mental illness prohibits him from meeting with his attorney.

6.     Lastly, undersigned counsel is concerned whether a change of plea next week would be fully "knowing" and "voluntary" when Mr. Allen is apparently not taking mental health medication for his disability while incarcerated at the St. Lucie County Jail. In an abundance of caution, undersigned counsel believes an expert must evaluate Mr. Allen and provide the Court and the parties an opinion regarding Mr. Allen's present ability to proceed in this case.

7.     Assistant United States Attorney Brian Ralston was contacted and has no objection to the requested competency hearing and evaluation of Mr. Allen's mental competency to proceed.

## **MEMORANDUM OF LAW**

Title 18 U.S.C. § 4241 states in pertinent part that the question of a defendant's competency can be raised at any time between commencement of prosecution and sentencing. The test for competency is whether a person has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as a factual understanding of the process against him.[1] When a motion is made in good faith, setting forth grounds that the defendant *may be* incompetent, the court is under a mandatory duty to grant the motion.[2] The Court should not rule on the competency issue until the evaluation has taken place.[3] Speedy trial is tolled during the period of time to determine the mental competency of the defendant.[4]

Undersigned counsel additionally requests that the competency evaluation take place within the 30 day time period authorized by 18 U.S.C. § 4247(b).

---

[1] "A person is competent to stand trial when 'he has sufficient present ability to consult with his lawyer with a reasonable degree of *rational* understanding [ ] and ... a *rational* as well as factual understanding of the proceedings against him.'" *McManus v. Neal*, 779 F.3d 634, 656 (7th Cir. 2015) quoting *Dusky v. U.S.*, 362 U.S. 402, 80 S.Ct. 788 (1960) (emphasis added).

[2] *United States v. McEachern*, 465 F.2d 833, 837 (5th Cir. 1972).

[3] *Caster v. United States*, 319 F.2d 850 (5th Cir. 1963), *United States v. Bradshaw*, 690 F.2d 704, 712 (9th Cir. 1982).

[4] 18 U.S.C. § 3161(h)(1)(A).

WHEREFORE, based upon the foregoing, it is requested that this Court order a competency evaluation take place within 30 days of the Court's order.

Respectfully submitted,

MICHAEL CARUSO
Federal Public Defender

*s/ Kristy Militello*
Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
450 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Kristy_Militello@fd.org

CERTIFICATE OF SERVICE

    I hereby certify that on October 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              *s/ Kristy Militello*
                                              Kristy Militello